```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**JENNIFER CARSON FOR**
**LEESHA ALWOOD,**

        **Plaintiff,**
  vs.                          **Civil Action 2:07-CV-281**
                                    **Judge Smith**
                                    **Magistrate Judge King**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

        **Defendant.**

## ORDER

On August 5, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner of Social Security be reversed and that this action be remanded with directions for the granting of child's benefits. Doc. No. 13. This matter is now before the Court on the Commissioner's objections, Doc. No. 14, to that *Report and Recommendation,* which the Court will consider *de novo,* 28 U.S.C. §636(b).

In determining whether an application for child's supplemental security income should be granted, the Commissioner must consider, *inter alia,* whether the child's impairments are functionally equivalent to a listed impairment. 20 C.F.R. §416.924. In this regard, if the child is markedly limited in at least two functional areas, an award of benefits is appropriate. *See* 20 C.F.R. §416.926(a)(b)(1).

In this case, the administrative law judge found that the child was markedly limited in only one domain, *i.e.,* health and physical well-being. The Commissioner therefore concluded that an award of child's supplemental security income benefits was not warranted.

In the *Report and Recommendation,* the Magistrate Judge concluded that the decision of the administrative law judge lacked substantial support in the record, and that a fair reading of the record

establishes a marked degree of impairment in at least two areas of functioning.  In his objections, the Commissioner challenges those conclusions and argues that, in any event, remand for an award of benefits is unwarranted.

For the reasons stated in the *Report and Recommendation*, this Court agrees that the decision of the Commissioner must be reversed. However, the Court agrees with the Commissioner that remand with directions for an award of benefits is unwarranted.  On remand, the Commissioner should consider whether or not the child's ADHD is under proper medical control and determine the impact of lack of medication compliance, if any, on the child's functioning.  The Commissioner is also directed to consider whether the child's impairment in the area of attending and completing tasks is merely isolated or inconsistent, as testified to by the medical expert, in light of the extensive evidence to the contrary, including the observation by a school psychologist that plaintiff is on task only 50% of the time.  *A.R.* 114.

Accordingly, the decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of U.S.C. §405(g).

>     *s/George C. Smith*
>     George C. Smith, Judge
>     United States District Court

2